## In re MORRIS WHITE PROPERTIES CORPORATION.

### No. 32998.

District Court, E. D. New York.

Nov. 30, 1937.

Archibald Palmer, of New York City, for debtor.

Carl J. Austrian, of New York City (Charles F. Preusse and Bertram R. Bernstein, both of New York City, of counsel), for Bank of United States.

Glass & Lynch, of New York City (Jerome Weinstein, of New York City, of counsel), for Terminal Properties Co.

Maurice Finkelstein, of New York City, for Hurd Committee.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Irving Rozen, of New York City, of counsel), for Trustees of Prudence Co., Inc.

MOSCOWITZ, District Judge.

This is an application made by Morris White, treasurer of the debtor, to vacate an ex parte order granting an examination pursuant to section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), and the subpœna issued pursuant thereto.

The order is based upon the application of the Bank of United States, in liquidation, which is a preferred stockholder of the debtor.

Section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), provides as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the provisions of this title. The wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

An examination under section 21a may be ordered in section 77B, 11 U.S.C.A. § 207, proceeding. In re Paramount Publix Corporation, 2 Cir., 82 F.2d 230. However, a stockholder of the debtor corporation is not entitled to an examination under 21a. Such an examination would be desirable. Any one having any interest in a corporation in any capacity, including stockholders, should have the right to examine the debtor fully as to its assets and liabilities. The courts have no power to grant such examination under

the existing laws. It would be beneficial to the administration of debtor's estates if such examinations were permitted, however, in order to obtain such relief, the provisions of 77B would have to be amended.

Motion to vacate the examination under 21a and the subpœna issued pursuant thereto is granted.

Settle order on notice.